UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA VERDE ESCAPE, LLC, TOW
DEVELOPMENT, LLC, and AMI
INVESTMENT HOLDINGS, LLC,

      Plaintiffs,

v.

THE BRITTINGHAM GROUP, LLC,
CHARLES T. NOCK, JOHN C. NOCK,
and BRIAN D. BRITTSAN,

      Defendants.

_____/

Case No. 1:16-CV-100

HON. GORDON J. QUIST

## **MEMORANDUM OPINION**

Plaintiffs filed a complaint against Defendants in this Court alleging that Defendants engaged in Racketeer Influenced and Corrupt Organizations Act (RICO) violations, conversion, statutory conversion, fraud, misrepresentation, breach of fiduciary duty, and civil conspiracy, and requesting a constructive trust. Defendants moved the Court to compel arbitration in Hong Kong pursuant to an arbitration clause contained in each Plaintiff's memorandum of understanding (MOU) entered into with Defendants. On August 28, 2017, the Court granted Defendants' motion to compel arbitration, denied Defendants' motion to dismiss as moot, and stayed the case pending arbitration. (ECF No. 106.)

The parties stipulated to arbitrate the disputes with the International Centre for Dispute Resolution (ICDR), a division of the American Arbitration Association (AAA), and to hold the arbitration in New York City. The parties selected David M. Brodsky, an attorney, to serve as the arbitrator. Brodsky heard the dispute on May 29 to June 1, 2018. Plaintiffs prevailed against Defendants in arbitration. Brodsky issued a Partial Final Award on July 16, 2018, of $550,000 in compensatory damages plus prejudgment interest at 6% (compounded monthly) for each Plaintiff.

(ECF No. 114 at PageID.848.) After additional briefing on the availability of exemplary damages and costs, Brodsky issued a Final Award on September 24, 2018, awarding each Plaintiff $500,000 in punitive damages.[1] In addition, Brodsky ordered Defendants to pay the administrative fees and expenses of the ICDR, totaling $18,975, and the compensation and expenses of the arbitrator, totaling $49,330.06.[2] (*Id.* at PageID.855.)

Plaintiffs now move the Court to enter judgment on the arbitration award. (ECF No. 114.) Defendants oppose the motion, seeking to force Plaintiffs to enforce the award in Hong Kong pursuant to the MOU. (ECF No. 115.) For the reasons set forth below, the Court will grant Plaintiffs' motion to enter judgment in this Court.

Because the arbitration award arose out of a commercial legal relationship that envisaged performance or enforcement abroad, the arbitration award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and this Court has original jurisdiction over the proceeding. 9 U.S.C. §§ 202, 203. Although the parties agree to the above premises, the parties disagree whether this Court can enter the arbitration award, based on the language of § 204, which states:

> An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which *save for the arbitration agreement* an action or proceeding with respect to the controversy between the parties could be brought, or in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States.

(Emphasis added.) According to Defendants, the above language precludes Plaintiffs from enforcing the arbitration award in this Court because of the choice of enforceability forum clauses in the MOU. Plaintiffs counter that the "save for the arbitration agreement" language in § 204

---

[1] Defendant Charles T. Nock was not included in the punitive damage award because Brodsky determined that he was not involved in the intentional acts of wrongdoing.

[2] Defendants are required to reimburse Plaintiffs the sum of $24,665.03, which represents the portion of the fees and expenses of the arbitrator that were previously billed to Plaintiffs.

clarifies that any district court where an action or proceeding could have been filed and litigated—save for the arbitration agreement—can enter a judgment of an arbitration award.  Reading § 204 in context, the Court agrees with Plaintiffs' interpretation, and thus concludes that this Court is an appropriate venue to enter judgment on the arbitration award that falls under the Convention.

Moreover, the Court finds that the choice of enforceability forum clauses in the MOU are unenforceable as part of a void contract.  Defendants urge the Court to recognize the choice of enforceability forum clauses as valid and enforceable because Plaintiffs were unsuccessful in challenging the arbitration clauses when this Court ordered arbitration in its August 28, 2017, Opinion and Order.  (ECF No. 106.)  However, Brodsky, the arbitrator, specifically found that each of the MOUs were obtained through fraud and were thereby void.  (ECF No. 114 at PageID.847.)  While this may seem odd, the Supreme Court has, on multiple occasions, found "the separate enforceability of arbitration provisions" and "permit[ted] a court to enforce an arbitration agreement in a contract that the arbitrator later finds to be void."  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 448–49, 126 S. Ct. 1204, 1210 (2006).  In other words, although this Court chose to enforce the arbitration agreement in the preliminary stages of this case, that does not mean that the paragraphs of the MOU containing the arbitration and choice of enforceability forum clauses remain valid once the arbitrator determined that the entire contract was void.

Therefore, the Court will grant Plaintiffs' Motion for Entry of Judgment of Arbitration Award (ECF No. 113) and confirm the arbitration award.

A separate order will enter.


Dated: December 12, 2018                            /s/ Gordon J. Quist
                                         _____
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE